IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION DIVISION

| | |
|---|---|
| IN RE:<br>HOTZ, LAWRENCE J.<br>HOTZ, THERESA M.<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 04-10652 BB<br><br>JUDGE BRUCE W. BLACK |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE BRUCE W. BLACK
      BANKRUPTCY JUDGE

NOW COMES BRADLEY J. WALLER, Trustee herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report and Account in accordance with 11 U.S.C. §704(9).

1. BRADLEY J. WALLER was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on 03/17/04. The Trustee was appointed on 03/17/04. An order for relief under Chapter 7 was entered on 03/17/04. The Trustee's case bond is in the amount of $100.00.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A. The Trustee has not found it advisable to oppose the Debtor(s) discharge.

3. The disposition of estate property is set forth in Exhibit B. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of 02/17/2009 is as follows:

   a. RECEIPTS (See Exhibit C)                      $         5,114.88

   b. DISBURSEMENTS (See Exhibit C)                 $             0.00

   c. NET CASH available for distribution           $         5,114.88

   d. TRUSTEE/PROFESSIONAL COSTS

|   |   |   |
|---|---|---|
| 1. Trustee compensation requested (See Exhibit E) | $ | 1,261.49 |
| 2. Trustee Expenses (See Exhibit E) | $ | 210.20 |
| 3. Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $ | 0.00 |
|   | $ |   |

5. The Bar Date for filing unsecured claims expired on 04/16/07.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. The actual dollar amount of claims allowed and/or requested for this estate is as follows:

|   |   |   |
|---|---|---|
| a. Allowed unpaid secured claims | $ | 0.00 |
| b. Chapter 7 Administrative and 28 U.S.C. §1930 claims | $ | 1,471.69 |
| c. Allowed Chapter 11 Administrative Claims | $ | 0.00 |
| d. Allowed priority claims | $ | 0.00 |
| e. Allowed unsecured claims | $ | 9,314.28 |

7. Trustee proposes that unsecured creditors receive a distribution of 39.11% of allowed claim.

8. Total compensation and expense previously awarded to Trustee's counsel, accountant or other professional was $0.00. Professional's compensation and expense requested but not yet allowed is $1,471.69. . The total of Chapter 7 professional fees and expenses requested for final allowance is $1,471.69. (A summary of the professional fees and expenses previously requested is attached hereto as Exhibit G.)

9. A fee of $800.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

Dated:  February 17, 2009                           RESPECTFULLY SUBMITTED,


By: _____
BRADLEY J. WALLER, Trustee
KLEIN, STODDARD, BUCK, WALLER & LEWIS
2045 ABERDEEN COURT
SYCAMORE, IL  60178
Telephone # (815) 748-0380

Lawrence J. Hotz
Theresa M. Hotz
04-16052

## TASKS PERFORMED BY TRUSTEE

    The Trustee reviewed the Debtor's Schedule of Assets and Liabilities and Statements of Financial Affairs.

    The Trustee conducted an examination of the Debtor(s) at the Section 341 meeting of creditors. The Trustee determined that the debtor, Lawrence Hotz, was to receive an inheritance. After compelling turnover of the same by the court, the Trustee received $5,112.50.

    The Trustee prepared semi-annual reports to the United States Trustee's Office.

    The Trustee managed the estate's cash on hand. This included investing the estate's funds in interest bearing accounts and maintaining a report of cash receipts and disbursements.

    The Trustee examined the Debtor(s) records in an effort to identify additional assets available to the estate for liquidation and to verify the disposition of assets.

    The Trustee attended to tax issues concerning the estate.

    The Trustee reviewed the claims filed in this case.

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS – IN PROBATE

IN THE MATTER OF THE ESTATE )
) File No. **2007 P 00438**
of )
)
**LAWRENCE HOTZ, JR.**, Deceased. )

## AMENDED FINAL ACCOUNT
covering the period from 07/23/2007 to 06/23/2008

### RECEIPTS

| Inventory Item No. | | Receipts Thereon |
|---|---|---|
| 1. | Net Receipt from Settlement of Personal Injury Claim on behalf of the Estate of Lawrence Hotz, Jr. (Excluding Fees and And Costs of Litigation, | $53,469.78 |
| 2. | Interest on the Settlement Funds (See Above), paid by First Midwest Bank | $1,530.22 (Approx.) |
| | TOTAL RECEIPTS | **$55,000.00** |

### DISBURSEMENTS

| Voucher No. | | |
|---|---|---|
| 1. | Spouse's Award per 755 ILCS 5/15-1 | $10,000.00 |
| 2. | Distributive Share to Surviving Spouse | $20,450.00 |
| 3. | Distributive Share to Surviving Adult Child: Lawrence J. Hotz | $5,112.50 |
| 4. | Distributive Share to Surviving Adult Child: Timothy W. Hotz | $5,112.50 |
| 5. | Distributive Share to Surviving Adult Child: Robert R. Hotz | $5,112.50 |
| 6. | Distributive Share to Surviving Adult Child: Kala C. Hotz | $5,112.50 |
| 7. | Attorney Fees for Estate Administration: Final Invoice Law Office of Douglas A. Cipriano, P.C. | $3,214.48 |
| 8. | Costs advanced for Estate Administration: Final Invoice Law Office of Douglas A. Cipriano, P.C. | $982.52 |
| | TOTAL DISBURSEMENTS | **$55,000.00** |

# Form 1
## Individual Estate Property Record and Report
### Asset Cases

| Case Number: | 04-10652 BB | | Trustee: | (330500) | BRADLEY J. WALLER |
|---|---|---|---|---|---|
| Case Name: | HOTZ, LAWRENCE J. | | Filed (f) or Converted (c): | 03/17/04 (f) | |
| | HOTZ, THERESA M. | | §341(a) Meeting Date: | 05/20/04 | |
| Period Ending: | 02/15/09 | | Claims Bar Date: | 04/16/07 | |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | RESIDENCE | 175,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | CASH ON HAND | 25.00 | 0.00 | DA | 0.00 | FA |
| 3 | BANK ACCOUNTS | 50.00 | 0.00 | DA | 0.00 | FA |
| 4 | HOUSEHOLD GOODS | 300.00 | 0.00 | DA | 0.00 | FA |
| 5 | MISC BOOKS & PICTURES | 150.00 | 0.00 | DA | 0.00 | FA |
| 6 | WEARING APPAREL | 300.00 | 0.00 | DA | 0.00 | FA |
| 7 | PENSION PLAN OF DEBTOR | Unknown | 0.00 | DA | 0.00 | FA |
| 8 | INCOME TAX REFUND | 4,000.00 | 0.00 | DA | 0.00 | FA |
| 9 | WRONGFUL DEATH CAUSE OF ACTION | Unknown | 5,112.50 | | 5,112.50 | FA |
| 10 | 1986 CHEVY C-10 | 1,200.00 | 0.00 | DA | 0.00 | FA |
| 11 | 1999 HONDA 4-WHEELER | 1,500.00 | 0.00 | DA | 0.00 | FA |
| 12 | MISC. TOOLS | 750.00 | 0.00 | DA | 0.00 | FA |
| 13 | LEASE 2001 CHEVY SUBURBAN | 1.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 2.38 | Unknown |
| 14 | Assets   Totals (Excluding unknown values) | $183,276.00 | $5,112.50 | | $5,114.88 | $0.00 |

Major Activities Affecting Case Closing:

# Form 1
## Individual Estate Property Record and Report
### Asset Cases

**Case Number:** 04-10652 BB
**Case Name:** HOTZ, LAWRENCE J.
HOTZ, THERESA M.
**Period Ending:** 02/15/09

**Trustee:** (330500)    BRADLEY J. WALLER
**Filed (f) or Converted (c):** 03/17/04 (f)
**§341(a) Meeting Date:** 05/20/04
**Claims Bar Date:** 04/16/07

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Initial Projected Date Of Final Report (TFR): December 31, 2007    Current Projected Date Of Final Report (TFR): June 1, 2009

# Form 2

## Cash Receipts And Disbursements Record

| Case Number: | 04-10652 BB | Trustee: | BRADLEY J. WALLER (330500) |
| Case Name: | HOTZ, LAWRENCE J. | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | HOTZ, THERESA M. | Account: | ***_*****84-65 - Money Market Account |
| Taxpayer ID #: | 38-6859059 | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 02/15/09 | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 08/17/08 | {9} | Larry Hotz | Per court order of 09/21/2007 | 1149-000 | 5,112.50 | | 5,112.50 |
| 08/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 0.20 | | 5,112.70 |
| 09/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 0.67 | | 5,113.37 |
| 10/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1200% | 1270-000 | 0.55 | | 5,113.92 |
| 11/28/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1000% | 1270-000 | 0.40 | | 5,114.32 |
| 12/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.36 | | 5,114.68 |
| 01/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.20 | | 5,114.88 |

|  |  |  |
|---|---|---|
| ACCOUNT TOTALS | 5,114.88 | 0.00 |
| Less: Bank Transfers | 0.00 | 0.00 |
| Subtotal | 5,114.88 | 0.00 |
| Less: Payments to Debtors | | 0.00 |
| NET Receipts / Disbursements | $5,114.88 | $0.00 |

Page: 1

{} Asset reference(s)    Printed: 02/15/2009 11:05 AM    V.11.03

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 04-10652 BB
**Case Name:** HOTZ, LAWRENCE J.
HOTZ, THERESA M.
**Taxpayer ID #:** 38-6859059
**Period Ending:** 02/15/09

**Trustee:** BRADLEY J. WALLER (330500)
**Bank Name:** JPMORGAN CHASE BANK, N.A.
**Account:** ***-*****84-65 - Money Market Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| MMA # ***-*****84-65 | 5,114.88 | 0.00 | 5,114.88 |
| | $5,114.88 | $0.00 | $5,114.88 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION DIVISION

| | |
|---|---|
| IN RE:<br>HOTZ, LAWRENCE J.<br>HOTZ, THERESA M.<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 04-10652 BB<br><br>JUDGE BRUCE W. BLACK |

## DISTRIBUTION REPORT

I, **BRADLEY J. WALLER**, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---:|
| Secured Claims: | $ 0.00 |
| Chapter 7 Administrative Expenses: | $ 1,471.69 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(2)-(a)(7)): | $ 0.00 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 0.00 |
| Other Priority Claims (507(a)(9)): | $ 0.00 |
| General Unsecured Claims: | $ 3,643.19 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | **$ 5,114.88** |

**EXHIBIT D**

**DISTRIBUTION REPORT**  **PAGE 1**

| 1. | TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|---|
| Secured Claims | | $ | 0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 2. | TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | | $ | 1,471.69 | 100.00% |
| **CLAIM NUMBER** | **CREDITOR** | | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
| | BRADLEY J. WALLER<br>Trustee Expenses | | 210.20 | 210.20 |
| | BRADLEY J. WALLER<br>Trustee Compensation | | 1,261.49 | 1,261.49 |

| 3. | TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in possession (DIP) administrative expenses) | | $ | 0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 4. | TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | | $ | 0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| | | TOTAL | $ | 0.00 |

| 5. | TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|---|

**EXHIBIT D**

**DISTRIBUTION REPORT**              **PAGE 2**

§507(a)(3) - Wages, salaries or commissions limited to $4,000.00    $   0.00    0.00%

**CLAIM NUMBER CREDITOR**    **ALLOWED REQUESTED**    **PROPOSED ALLOWANCE**

TOTAL    $    0.00

---

| 6. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(4) - Contributions to Employee Benefit Funds | | $ 0.00 | 0.00% |
| CLAIM NUMBER CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
| | | TOTAL $ | 0.00 |

---

| 7. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(5) - Farmers' and Fishermen's claims to the extent of $4,000.00 | | $ 0.00 | 0.00% |
| CLAIM NUMBER CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
| | | TOTAL $ | 0.00 |

---

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| 507(a)(6) - Deposits by consumers to the extent of $1,800.00 | | $ 0.00 | 0.00% |
| CLAIM NUMBER CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
| | | TOTAL $ | 0.00 |

---

| 9. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(7) - Alimony | | $ 0.00 | 0.00% |
| CLAIM NUMBER CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
| | | TOTAL $ | 0.00 |

---

| 10. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|

**EXHIBIT D**

**DISTRIBUTION REPORT**  **PAGE 3**

| | | | |
|---|---|---|---|
| §724(b)(6) - Tax Liens: | | $ 0.00 | 0.00% |
| **CLAIM NUMBER CREDITOR** | | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| | | TOTAL   $ | 0.00 |

| 11. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(8) - Tax claims excluding fines and penalties | | $ 0.00 | 0.00% |
| **CLAIM NUMBER CREDITOR** | | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| | | TOTAL   $ | 0.00 |

| 12. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(9) - Capital Commitments to FDIC, et al. | | $ 0.00 | 0.00% |
| **CLAIM NUMBER CREDITOR** | | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| | | TOTAL   $ | 0.00 |

| 13. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | | $ 9,314.28 | 39.11% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| 1 | Prairie Trails Credit Union | 3,613.85 | 1,413.53 |
| 2 | DISCOVER BANK/DISCOVER FINANCIAL SERVICES | 3,401.47 | 1,330.45 |
| 3 | B-Line, LLC/Chase Bank USA | 1,189.01 | 465.07 |
| 4 | Joliet Cardiology Ctr | 14.73 | 5.76 |
| 5 | Kohls/Chase Bank USA,N.A. | 772.08 | 301.99 |
| 6 | American General Finance | 323.14 | 126.39 |
| | | TOTAL   $ | 3,643.19 |

| 14. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| General Unsecured Subordinated claims | | $ 0.00 | 0.00% |

**EXHIBIT D**

**DISTRIBUTION REPORT** **PAGE 4**

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | TOTAL $ | 0.00 |

| 15. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(3) - Late unsecured claims | | $ 0.00 | 0.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| | | TOTAL $ | 0.00 |

| 16. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(4) - Fines/penalties | | $ 0.00 | 0.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| | | TOTAL $ | 0.00 |

| 17. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(5) - Interest | | $ 0.00 | 0.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| | | TOTAL $ | 0.00 |

| 18. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(6) - Surplus to Debtor | | $ 0.00 | 0.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| | | TOTAL $ | 0.00 |

The following claims are not included in the distribution because they have been disallowed or barred by court order or have been withdrawn by the claimant:

**EXHIBIT D**

**DISTRIBUTION REPORT**                                                              PAGE 5

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED /WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: February 17, 2009

_____
BRADLEY J. WALLER, Trustee

**EXHIBIT D**